**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL PATRICK BENJAMIN, | No. 11-15048 |
| Petitioner - Appellant, | D.C. No. 2:03-cv-01166-FCD-KJN |
| v. | |
| KATHLEEN PROSPER; T. RANSDALL; ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Senior District Judge, Presiding

Argued and Submitted February 13, 2012
San Francisco, California

Before: THOMAS, FISHER and IKUTA, Circuit Judges.

Daniel Benjamin appeals the denial of his 28 U.S.C. § 2254 habeas corpus

petition challenging his state court convictions for petty theft with a prior

conviction and possession of ephedrine or pseudoephedrine with intent to

manufacture methamphetamine. We affirm.

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Benjamin asserts that he was denied his right to an impartial jury and that his trial counsel was ineffective for his failure to exercise a peremptory challenge to exclude an allegedly biased juror, "No. 8025." During voir dire, the following colloquy took place between the prosecutor and the juror:

Q: Could you sit and hear this case on the facts that we present and the evidence that we present and not think about your microwave and your door?
A: No. Because its like once you get to a certain point I hate to say it, he's kind of made it here. To me if he's made it here, he's either running with the wrong group that are doing that or he's guilty.
Q: Would you be able to sit here and hear the evidence and if I do not prove the case, return a not guilty verdict?
A: No. Because he's got strikes against him already just because he's here.
Q: Just because he got arrested?
A: Yeah.
Q: Would you agree that everybody in this country has the right to have a case proven against them beyond a reasonable doubt?
A: Not in all cases.

In chambers, the attorneys challenged No. 8025 for cause. The trial court rejected the challenge, stating an initial conclusion that No. 8025 was answering the questions in a specific manner in hopes of being excused from the panel. Neither attorney exercised a peremptory challenge, and No. 8025 was placed on the jury.

1.    *Right to an Impartial Jury.*

A state trial court's finding of impartiality is "presumptively correct under 28 U.S.C. § 2254[(e)(1)]." *Smith v. Phillips*, 455 U.S. 209, 218 (1982). Here, the trial judge, after observing all juror comments and behaviors, was in the best

position to judge the sincerity of No. 8025's claims of partiality. Under AEDPA, a habeas petitioner bears the heavy burden of "rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Benjamin has not presented sufficient evidence to meet this burden. *See United States v. Quintero-Barraza*, 78 F.3d 1344, 1350 (9th Cir. 1996). Benjamin's reliance on *Dyer v. Calderon*, 151 F.3d 970 (9th Cir. 1998) (en banc), is misplaced. *Dyer* was not decided under AEDPA's deferential standard of review, and in any case, *Dyer* involved a juror feigning impartiality in order to be seated on the jury, rather than a juror, like No. 8025, feigning bias in order to avoid jury service. *See Green v. White*, 232 F.3d 671, 677-78 (9th Cir. 2000).

    2.    *Ineffective Assistance of Counsel.*

To prove a violation of the Sixth Amendment's requirement of effective assistance of counsel, a habeas petitioner must establish that (1) his attorney's representation fell below an objective standard of reasonableness and (2) but for his attorney's errors, there is a reasonable probability that the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Because reasonable explanations existed for counsel's decision not to exercise a peremptory challenge to excuse No. 8025, Benjamin has not met his burden under the "doubly deferential" AEDPA standard of showing

3

that the state court was objectively unreasonable in denying his ineffective assistance of counsel claim. *Yarborough v. Gentry*, 540 U.S. 1, 6 (2003); *see Strickland*, 466 U.S. at 689-90 ("[A] defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955))). Here, retaining No. 8025 may have been a reasonable tactical decision because, in addition to the trial court's stated assessment that No. 8025's answers were made in hopes of being excused, the record shows he may have harbored resentment toward law enforcement officers.

**AFFIRMED.**

*Benjamin v. Prosper*; No. 11-15048

THOMAS, Circuit Judge, dissenting:

The Supreme Court has instructed that "the remedy for allegations of juror partiality is a hearing in which a defendant has the opportunity to prove actual bias." *Smith v. Phillips*, 455 U.S. 209, 215 (1982). In this case, a juror professed his actual bias. He told the trial court that he would be unable to return a not guilty verdict even if the state failed to prove its case. Both the government and the defense challenged the juror for cause. However, the trial court did not hold a hearing. Rather, it simply speculated that the juror was just trying to avoid jury duty.

There are only two possibilities: the juror was actually biased or the juror was lying to the trial court. Even under AEDPA's deferential review, I conclude that the trial court erred by not holding an evidentiary hearing on the juror's self-expressed actual bias.

The failure of Benjamin's counsel to make a peremptory challenge to the juror also warrants federal habeas relief. To be sure, defense counsel is permitted wide latitude in making strategic choices. However, "[a]lthough defense counsel is empowered to make such strategic decisions, *Strickland* demands that such decisions be reasonable and informed." *Jennings v. Woodford*, 290 F.3d 1006,

-1-

1014 (9th Cir. 2002).

There is also a difference in our review under AEDPA as to whether a counsel's decision was strategic or not. There are two potentially relevant inquires: (1) "[w]hether the state court reasonably determined that there was a strategic decision" and (2) "whether the strategic decision itself was a reasonable exercise of professional judgment under *Strickland*." *Wood v. Allen*, __ U.S. __, 130 S.Ct. 841, 851 (2010) .

There is nothing in the state court record to indicate that defense counsel made a strategic choice in failing to make a challenge, and no state court made such a finding. So, we are not faced with the question of whether to defer to a state court finding that a decision was tactical.

Thus, the only issue before us is "whether the strategic decision itself was a reasonable exercise of professional judgment under *Strickland*." *Id.* Defense counsel had already sought the juror's removal for cause for actual bias. Benjamin has continuously argued in his state and federal court pleadings that the juror was biased. The record is devoid of any reasonable explanation of why defense counsel would allow a self-described biased juror to remain on the panel after he stated that he would be unable to return a not guilty verdict. As a result of the trial counsel's failure to exercise a peremptory challenge, "the jury panel contained at least one

juror who was biased." *Davis v. Woodford*, 384 F.3d 628, 643 (9th Cir. 2004).

Therefore, Benjamin is entitled to federal habeas relief.

For these reasons, I respectfully dissent.